[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-11672
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2007
THOMAS K. KAHN
CLERK

BIA No. A79-494-466

JOSE DE JESUS VASQUEZ,

                              Plaintiff-Appellant,

               versus

U.S. ATTORNEY GENERAL,

                              Defendant-Appellee.

-------------------------------------------------------------------

Petition for Review of Decision of the
Board of Immigration Appeals

-------------------------------------------------------------------

**(January 31, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

   Jose De Jesus Vasquez, a native and citizen of Colombia, petitions for

review of the affirmance by the Board of Immigration Appeals ("BIA") of the

decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). No reversible error has been shown; we deny the petition.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without an opinion. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). An IJ's factual determination that an alien is not entitled to asylum "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza, 327 F.3d at 1287.

An alien may obtain asylum if he is a "refugee": a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum

2

applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). We have explained that "only in a rare case does the record compel the conclusion that an applicant for asylum suffered past persecution or has a well-founded fear of future persecution." Silva v. U.S. Attorney Gen., 448 F.3d 1229, 1239 (11th Cir. 2006).

Vasquez testified that he became a "collaborator" with Colombia's Liberal Party in 1997 and that he organized meetings for Liberal Party ideas to be discussed. At the end of 1997, Vasquez began to receive threatening telephone calls from persons claiming to be members of the Revolutionary Armed Forces of Colombia (the "FARC"), who warned Vasquez to suspend his activities and to quit spreading his ideas. Two FARC members approached Vasquez in public, displayed guns, and told him that they were giving him his last warning. Later, Vasquez was forced into a car at gunpoint by persons who told Vasquez that he did not pay attention to the calls and threats. After the police pursued the vehicle, it crashed; and the kidnappers fled. Vasquez's wife then received additional threatening telephone calls.

Vasquez, his wife, and their son left Colombia for the United States in June 2000. His wife and son returned to Colombia in September or October 2000; and

3

Vasquez went back to Colombia in December 2000 because his family, home, and work remained there. Vasquez and his family lived with Vasquez's mother-in-law for a few months but then returned to their former home. Vasquez left for the United States again in February 2001; and he later applied for asylum, withholding of removal, and CAT relief.

Vasquez asserts that the IJ erred in determining that he had not presented sufficient credible evidence to show past persecution or a reasonable fear of future persecution based on his political opinion through his involvement with the Liberal Party.[1] Substantial evidence supports the determination that Vasquez failed to meet his burden that he had been persecuted or that he faced a well-founded fear of future persecution, on a protected ground.

Vasquez's claims of harassment -- unaccompanied by physical harm -- do not compel us to reverse the IJ's conclusion that the FARC's alleged conduct failed to demonstrate past persecution.[2] See Sepulveda, 401 F.3d at 1231

---

[1]On appeal, Vasquez does not assert that he was persecuted based on his affiliation with the Catholic Church, a claim that he raised in his asylum application; therefore, this claim is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

[2]We note that Vasquez's claim that he was forced into a car by FARC members, who drove him until the car crashed a short time later, is distinct from the situation described in our recent decision in Ruiz v. U.S. Attorney General, 05-15875 (11th Cir. Dec. 21, 2006). In that case, we concluded that the record compelled the conclusion that Ruiz was persecuted by the FARC because, among other reasons, he was held captive by the FARC for the "extended time" of 18 days. Ruiz, manuscript op. at 10.

(explaining that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution") (internal quotation omitted); Silva, 448 F.3d at 1237-38 (concluding that anonymous threats and a condolence note signed by the FARC about the alien's death did not amount to persecution).

Substantial evidence also supports the conclusion that Vasquez failed to show a well-founded fear of future persecution. As we have discussed, the past acts of the FARC against Vasquez did not constitute persecution. And Vasquez and his family first left Colombia in June 2000 after being threatened by the FARC; but instead of applying for asylum at that time, they voluntarily returned to Colombia later that year. In Colombia, Vasquez eventually moved back to his home where he had received threatening telephone calls from the FARC. In the light of all of these circumstances, Vasquez has failed to establish that he has a well-founded fear of future persecution in Colombia.[3]

Therefore, the evidence does not compel us to conclude that Vasquez is eligible for asylum. Because he has not satisfied the less stringent standard for

---

[3] And we note that, although the IJ did not make a "clean" credibility determination, see Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005), the IJ did conclude that Vasquez's credibility was "in question" because of, among other things, some discrepancies between Vasquez's asylum application and his testimony during his asylum hearing.

asylum, we also deny his petition for review of claims for withholding of removal and for CAT relief. See Zheng v. U.S. Attorney Gen., 451 F.3d 1287, 1292 (11th Cir. 2006), petition for cert. filed, 75 U.S.L.W. 3121 (U.S. Sept. 12, 2006) (No. 06-367).

PETITION DENIED.